UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:20-cv-01917 SRC |
| | ) | |
| CCA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Joseph Michael Devon Engel, an incarcerated person at Missouri Eastern Correctional Center (MECC), for leave to commence this action without pre-payment of the required filing fee.[1] The Court will grant the motion and, for the reasons stated below, will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

---

[1] Like the over one hundred other civil rights cases Engel has filed in the Court in the past several months, he does not include a separate motion for leave to proceed without prepayment of the filing fee. Rather, on page one of his complaint, he states "Application to proceed in District Court without prepaying fees and cost. I am at ERDCC. I only get $5.00 dollars a month." The Court construes this as a motion for leave to proceed in the district court without prepaying fees and costs.

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Engel did not submit an inmate trust account statement along with the instant motion, as required. He states, however, that he receives $5.00 per month at ERDCC. As a result, the Court will assess an initial partial filing fee of $1.00, which is 20 percent of his average monthly deposit. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess a "reasonable" amount).

## Legal Standard on Initial Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Dismissals on this ground should only be ordered when legal theories are "indisputably meritless," or when the claims rely on "clearly baseless" factual allegations. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). "Clearly baseless" factual allegations include those that are "fanciful," "fantastic," and "delusional." *Id.* at 32–33 (quoting *Neitzke*, 490 U.S. at 325, 327). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

An action is malicious when it is undertaken for the purpose of harassing the named defendants rather than vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461–63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987). An action can also be considered

malicious if it is part of a longstanding pattern of abusive and repetitious lawsuits. *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). *See Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (when determining whether an action is malicious, the Court need not consider only the complaint before it but may consider the plaintiff's other litigious conduct).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950–51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950–51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether the plaintiff's proffered conclusion is the most plausible, or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951–52.

## The Complaint

Engel is a self-represented litigant, currently incarcerated at MECC in Pacific, Missouri. He prepared his handwritten § 1983 complaint on the Court's Prisoner Civil Rights Complaint. Named as defendants are the following: CCA; CO1; SG; LT; Captain; Assistant Warden; Warden; ERDCC; Corizon; Corizon Director; Director; Superintendent; MODOC; Assistant Attorney General; Attorney General; Lieutenant Governor; Governor; and Senator for Missouri.

Engel's allegations are stated in full as follows:

3

> This is in regards to Corizon not doing their job. My medical needs being denial all the way around the board. Still don't have my snack bags, may lay-ins, my lungs hurt, they do nothing. I have severe back problems. Do nothing. It's like there is no medical staff at all. I have a lot of medical problems they do nothing.

Engel states that his legal theory is "freedom, life, mental health, and medical health." For relief, Engel seeks several trillion dollars. He also seeks to have smoking allowed back into the Missouri Department of Corrections, as well as various stocks and currencies.

## Discussion

The complaint is subject to dismissal. Engel has not established that he has a serious medical condition requiring treatment. Furthermore, his allegations (1) do not identify which defendant is responsible for the alleged constitutional violations, (2) are too vague to rise to the level of a constitutional violation, and (3) wholly lack factual support and are not entitled to the presumption of truth. *See Iqbal,* 556 U.S. at 678; *see also Torti v. Hoag*, 868 F.3d 666, 671 (8th Cir. 2017) ("Courts are not bound to accept as true a legal conclusion couched as a factual allegation, and factual allegations must be enough to raise a right to relief above the speculative level"). Even *pro se* plaintiffs are required to allege facts in support of their claims, and the Court will not assume facts that are not alleged. *See Stone v. Harry*, 364 F.3d 912, 914–15 (8th Cir. 2004).

As to Engel's medical condition, he has not alleged deliberate indifference on the part of any defendant. To establish a constitutional violation, Engel must prove he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997).

Engel alleges only that he is suffering the following symptoms: his lungs hurt and back problems. While some of these symptoms might indicate a serious medical need, Engel has not alleged which defendant prison officials knew of and disregarded his medical condition. Additionally, he has not sued any Corizon or Missouri Department Corrections official individually in this action.[2]

Finally, the Court also dismisses this action because it appears to be malicious. *See Spencer v. Rhodes*, 656 F. Supp. 458, 461–63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1061 (4th Cir. 1987) (an action is malicious when it is undertaken for the purpose of harassing the defendants rather than vindicating a cognizable right). Engel has filed over one hundred other complaints in this Court alleging that his civil rights have been violated by these defendants and other state and local entities and officials. Engel submits the pleadings in bulk, and he specifies that he intends each set of pleadings to be docketed as an individual civil action. The nature of those pleadings and Engel's claims for damages are roughly the same as those in the instant action. It therefore appears that this action is part of an attempt to harass these defendants and others by bringing repetitious lawsuits, rather than a legitimate attempt to vindicate a cognizable right. *See Spencer*, 656 F. Supp. at 461–63; *see also In re Billy Roy Tyler*, 839 F.2d 1290 (8th Cir. 1988) (noting that an action is malicious when it is a part of a longstanding pattern of abusive and repetitious lawsuits). This action is subject to dismissal for this reason, as well.

Engel is cautioned to avoid the practice of repeatedly filing meritless lawsuits. First, a

---

[2] The Missouri Department of Corrections is a state agency of the State of Missouri. Thus, Engel's claims are actually claims against the state. A state is not a "person" for purposes of 42 U.S.C. § 1983. Since the State of Missouri and ERDCC are not § 1983 persons, Engel has failed to state a § 1983 claim against these two defendants. *See Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.,* 948 F.2d 1084, 1086 (8th Cir. 1991) ("Section 1983 provides a cause of action against 'persons' only"). Additionally, Engel's allegations fail to state a viable claim against Corizon. "A corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies." *Crumpley–Patterson v. Trinity Lutheran Hosp.,* 388 F.3d 588, 590 (8th Cir. 2004) (citing *Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 690 (1978)). Here, Engel fails to set forth that Corizon acted according to any unconstitutional policies or procedures.

prisoner who has filed three or more actions or appeals that were dismissed for one of the reasons stated in 28 U.S.C. § 1915(e)(2) is subject to 28 U.S.C. § 1915(g), which limits his future ability to proceed *in forma pauperis*. Second, the practice of repeatedly filing meritless lawsuits can be interpreted as an abuse of the judicial process, which can result in court-imposed limitations on the ability to bring future lawsuits. This Court is "vested with the discretion to impose sanctions upon a party under its inherent disciplinary power." *Bass v. General Motors Corp.*, 150 F.3d 842, 851 (8th Cir. 1998) (citations omitted). This includes the discretion to craft and impose sanctions to deter litigants from engaging in "conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–45 (1991); *see also Tyler*, 839 F.2d at 1292 (affirming the district court's *sua sponte* determination that a litigant should be limited to filing one lawsuit per month pursuant to certain conditions precedent as a sanction for the litigant's repeated abuse of the judicial process). These powers stem from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962)).

Having considered Engel's abusive litigation practices and the manner in which he prepared the instant complaint, the supplemental document, and other civil complaints, the Court concludes that it would be futile to permit Engel leave to file an amended complaint in this action. The Court will therefore dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2).

Accordingly, the Court grants Engel's request to proceed *in forma pauperis*. Doc. 1. The Court orders that Engel shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. The Court instructs Engel to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

The Court further dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith. Lastly, to the extent Engel seeks counsel, the Court denies his request as moot.

So Ordered this 8th day of April 2021.

_SL R. CR_

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**